NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000001
22-JUL-2013
09:35 AM**

NO. CAAP-11-0000001

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

GENBAO GAO, Appellant-Appellant, v.
STATE OF HAWAI‘I, DEPARTMENT OF THE ATTORNEY GENERAL,
Appellee-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 10-1-1776)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Petitioner-Appellant Genbao Gao (Gao) appeals pro se
from the January 24, 2011 Judgment entered by the Circuit Court
of the First Circuit (Circuit Court).[1]  Judgment was based on the
Circuit Court's "Findings of Fact, Conclusions of Law, and Order
Granting State of Hawai‘i, Department of the Attorney General's
[State] Motion to Dismiss Appeal of Arbitration Decision and
Award," entered December 9, 2010; the "Order Denying Appellant's
Motion to Strike Appellee's Motion to Dismiss Appeal for Lack of
Jurisdiction," entered December 9, 2010; and the "Order Denying
Appellant's Motion to Reconcile the Notice of Appeal and Opening
Brief to Motion to Vacate and Motion to Quash," entered
December 9, 2010.

---

[1]     The Honorable Karl K. Sakamoto presided.

On appeal, Gao contends "the First Circuit orders, decisions, and judgments ignored the violation of [Hawaii Revised Statutes (HRS)] 658a and ignored the facts the arbitration decision and award violates well established public policy and the arbitration decision and award was issued in manifest disregard of the law."

After careful review of the issues raised by the parties, the record, and the applicable authority, we resolve Gao's appeal as follows.

Gao brought three grievances against his employer, the State, with the assistance of his union, the Hawaii Government Employees Association (HGEA or Union) who, at all relevant times, was an "employee organization" and the "exclusive representative" of Bargaining Unit 13, of which Gao was a member. It is undisputed that Gao's grievances followed the grievance procedures established in the Collective Bargaining Agreement (CBA) reached between the State and the HGEA for Bargaining Unit 13.

Article 11 of the CBA provided for a grievance procedure in the event an employee or the Union has a complaint regarding its application or interpretation and Article 8 provided that the same procedures were to be followed for grievances regarding matters of discipline. This procedure included one informal and three formal steps to be taken at the option of the employee. In addition, the CBA also provided a fourth step for arbitration under the following conditions:

> H.      Step 4.  Arbitration.  If the grievance is not resolved at Step 3 and the Union desires to proceed with arbitration, it shall serve written notice on the Employer or the Employer's representative of its desire to arbitrate within ten (10) working days after receipt of the Employer's decision at Step 3.  Representatives of the parties shall attempt to select an Arbitrator immediately thereafter.  If agreement on an Arbitrator is not reached within ten (10) working days after notice for arbitration is submitted, either party may request the Hawai'i Labor Relations Board to submit a list of five (5) Arbitrators.  Selection of an Arbitrator shall be made by each party alternately deleting one (1) name at a time from the list.  The first party to delete a name shall be determined by lot.  The person whose name remains on the list shall be designated the Arbitrator.

2

No grievance may be arbitrated unless it involves an alleged violation of a specific term or provision of the Agreement.

If the Employer disputes the arbitrability of any grievance, the Arbitrator shall first determine whether the Arbitrator has jurisdiction to act; and if the Arbitrator finds that the Arbitrator has no such power, the grievance shall be referred back to the parties without decision or recommendation on its merits.

The Arbitrator shall render the Arbitrator's award in writing no later than thirty (30) calendar days after the conclusion of the hearings or if oral hearings are waived then thirty (30) calendar days from the date statements and proofs were submitted to the Arbitrator. <u>The decision of the Arbitrator shall be final and binding upon the Union, its members, the Employees involved in the grievance and the Employer. There shall be no appeal from the Arbitrator's decision by either party, if such decision is within the scope of the Arbitrator's authority</u> as described below.

1. The Arbitrator shall not have the power to add to, subtract from, disregard, alter, or modify any of the terms of this Agreement.

2. The Arbitrator's power shall be limited to deciding whether the Employer has violated any of the terms of this Agreement.

3. The Arbitrator shall not consider any alleged violations or charges other than those presented in Step 3.

(Emphasis supplied). In this case, the Union opted to take this matter to arbitration and the State agreed that the grievances were properly before the Arbitrator. The Arbitrator rendered his decision sustaining the employer in each of the three grievances on May 28, 2010.

On August 18, 2010, Gao *pro se*, filed a "Notice of Appeal" "from the decision and order of the Walter Ikeda (arbitrator)" and on August 26, 2010 filed a document entitled "Initial Motion of Genbao Gao" but captioned as "Opening Brief to Vacate an Award in the Arbitration Proceeding on May 28, 2010."

After the State moved to dismiss Gao's appeal for lack of jurisdiction and to strike Gao's opening brief, Gao filed a "Motion to Reconcile the Notice of Appeal and Opening Brief to Motion to Vacate," (Motion to Reconcile) explaining that, "My intention was to file a motion to vacate the arbitrator's decision and award on my own in accordance with HRS 658a after the HGEA turned down my request." Gao stated that his motion was

based on a claim that there was "evident partiality" on the part of the arbitrator and, acknowledging that such a motion must be brought by a "party," relied on language in HRS § 377-9(b)[2] and "Title 12-42-42(d)"[3] providing that, upon proof of interest, "an

_____

[2]    HRS § 377-9(b) (1993), part of the Employment Relations Act, provides in part,

> Any party in interest may file with the board a written complaint on a form provided by the board, charging any person with having engaged in any specified unfair labor practice.  The board shall serve a copy of the complaint upon the person charged, hereinafter referred to as the respondent.  If the board has a reasonable cause to believe that the respondent is a member of or represented by a labor union, then service upon an officer of the union shall be deemed to be service upon the respondent.  Service may be by delivery to the person, or by mail or by telegram.  Any other person claiming interest in the dispute or controversy, as an employer, an employee or other representative, shall be made a party upon proof of the interest.  The board may bring in additional parties by service of a copy of the complaint.  Only one complaint shall issue against a person with respect to a single controversy, but any complaint may be amended in the discretion of the board at any time prior to the issuance of a final order based thereon.  The respondent may file an answer to the original or amended complaint but the board may find to be true any allegation in the complaint in the event either no answer is filed or the answer neither specifically denies nor explains the allegation nor states that the respondent is without knowledge concerning the allegation.  The respondent shall have the right to appear in person or otherwise to give testimony at the place and time fixed in the notice of hearing.  The hearing on the complaint shall be before either the board or a hearings officer of the board, as the board may determine.

We note that on August 26, 2010, Gao filed a complaint based on the Prohibited Practices Act arising out of the same disciplinary matters involved herein.  Gao v. Hawai'i Labor Relations Bd., 129 Hawai'i 106, 294 P.3d 1092, CAAP-12-0000424 at *1 (App. Feb. 22, 2013)(SDO).  The dismissal of this complaint was affirmed by this court.  Id.

[3]    Presumably, Gao was referring to the Hawaii Public Employment Relations Board Rules of Practice and Procedure, Section 12-42-42, governing Prohibited Practices Pursuant to Sections 89-13 and 89-14, HRS:

> §12-42-42 Complaint.  (a) A complaint that any public employer, public employee, or employee organization has engaged in any prohibited practice, pursuant to section 89-13, HRS, may be filed by a public employee, employee organization, public employer, or any party in interest or their representatives within ninety days of the alleged violation.
>
> (b) A prohibited practice complaint shall be prepared on a form furnished by the board. The original and five

(continued...)

4

employee . . . shall be made a party." Similarly, at the hearing on the State's motions to dismiss and to strike Gao's opening brief, Gao again asserted this intent.

Notwithstanding these requests, the Circuit Court denied Gao's Motion to Reconcile, "as moot, because the appeal had been dismissed pursuant to the [Circuit] Court's order granting [State's] motion to dismiss appeal."[4] However, we need not decide whether the Circuit Court erred in this regard because, Gao could not seek to vacate the arbitration award under HRS § 658A-23.

As the employee for whom the arbitration proceeding was brought in this matter, Gao was bound by the decision of the arbitrator under the plain language of the arbitration provision in the CBA. Gao v. Hawai'i Labor Relations Bd., 129 Hawai'i 106, 294 P.3d 1092, CAAP-12-0000424 at *2 (App. Feb. 22, 2013) (SDO). See also Poe v. Hawai'i Labor Relations Bd., 97 Hawai'i 528, 537, 40 P.3d 930, 939 (2002). That language explicitly provided that the arbitration was final, that it bound "the Union, its members,

---

[3] (...continued)
copies shall be filed with the board, and the board shall serve a copy of the complaint upon the person charged.

(c) If the board has reasonable cause to believe that the employee is a member of or is represented by an employee organization, then service upon an officer of the employee organization shall be deemed to be service upon the employee.

(d) Any other person claiming interest in the dispute or controversy, as a public employer, public employee, employee organization, or any party in interest may be made a party upon proof of interest.

(e) The board may bring in additional parties by service of a copy of the complaint.

(f) Only one complaint shall issue against a party with respect to a single controversy.

[4] The Circuit Court also denied Gao's motion to strike the State's motion to dismiss because the State's motion "was properly filed with the court." Although Gao apparently relied on Hawai'i Rules of Civil Procedure (HRCP) Rule 72 in his motion, arguing that the State's motion fell outside of the "10 day designation period if Rule 72 is to be followed." We fail to see why HRCP Rule 72 governed the State's motion and therefore affirm the Circuit Court's ruling.

the Employees involved in the grievance and the Employer," and "no appeal" could be brought by "either party." Thus, except for those limited circumstances where the arbitrator acted outside his or her authority, no appeal from the award is allowed.

However, Gao attempted to style his review of the arbitration award as a motion to vacate under HRS § 658A-23, part of Hawai'i's version of the Uniform Arbitration Act. It provides, in pertinent part,

> **Vacating award.** (a) Upon motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if:
>
> . . . .
>
> (2) There was:
>
> (A) Evident partiality by an arbitrator appointed as a neutral arbitrator[.]

HRS § 658A-23 (Supp. 2012).

The language of this section plainly limits its application to a "party to an arbitration proceeding." Thus, any reading of this phrase must be made in the context of the provisions of the arbitration agreement. As the CBA structures the arbitrations to resolve grievances, only the Union, and not Gao, had the ability to invoke the arbitration provision and only the Union, along with the employer, were considered parties to the arbitration. See, Eisen v. State, Dep't of Public Welfare, 352 N.W.2d 731, 737 (Minn. 1984) (held that employee was not considered a "party" for the purposes of a challenge to an arbitration under the Uniform Arbitration Act where the agreement expressly permitted the union, not the employee, to invoke the arbitration provisions of the agreement and the only parties named in the agreement under the arbitration provision were the union and the state negotiator, who, respectively, represent the employee and the employer in the arbitration).

As Gao was not a "party" to the arbitration, he could not move to vacate the arbitration award and the Circuit Court was correct in dismissing the case.

Therefore, the Circuit Court of the First Circuit's January 24, 2011 Judgment is affirmed.

DATED: Honolulu, Hawai'i, July 22, 2013.

On the briefs:

Genbao Gao,
Appellant-Appellant, pro se.

James E. Halvorson,
Maria C. Cook,
Deputy Attorneys General,
for Appellee-Appellee.

*Craig H. Nakamura*

Chief Judge

*Daniel R. Foley*

Associate Judge

Associate Judge